## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James H. Alesia | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 3342 | **DATE** | October 31, 2002 |
| **CASE TITLE** | *Ronald R. Tirapelli, et al. vs. Advanced Equities, Inc., et al.* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. The court: (1) grants in part and denies in part the bill of costs filed by defendants Wiskowski, Communications Infrastructure Development Corp. and Telecom Capital Group, LLC and (2) grants in part and denies in part the bill of costs filed by defendants Pressman and Optimalpath Digital Network, Inc. The clerk is directed to tax costs as follows: (1) in the amount of $2,002.55 in favor of defendants Wiskowski, Communications Infrastructure Development Corp., and Telecom Capital Group, LLC and (2) in the amount of $486.65 in favor of defendants Pressman and Optimalpath Digital Network.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | NOV 04 2002 | |
| | Notified counsel by telephone. | | date docketed | 50 |
| ✓ | Docketing to mail notices. | | *CW* docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | | |
| | Copy to judge/magistrate judge. | | | |
| CW | courtroom deputy's initials | 02 NOV -1 PM 4:53 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RONALD R. TIRAPELLI and
MICHAEL WEBB,

    Plaintiffs,

v.

ADVANCED EQUITIES, INC.,
LEE WITKOWSKI, JACK PRESSMAN,
COMMUNICATIONS INFRASTRUCTURE
DEVELOPMENT CORPORATION,
WD HOLDINGS CORP., OPTIMALPATH
DIGITAL NETWORK, INC.,
CONVERGENCY CENTERS,
CORPORATION, and TELECOM
CAPITAL GROUP, INC.,

    Defendants.

Case No: 01 C 3342

Judge James H. Alesia

**DOCKETED**
**NOV 0 4 2002**

## MEMORANDUM OPINION AND ORDER

On August 20, 2002, this court granted defendants' motion for summary judgment and entered final judgment in favor of defendants. *Tirapelli v. Advanced Equities*, 215 F. Supp. 2d 964 (N.D. Ill. 2002). Currently before the court are: (1) a bill of costs filed by defendants Lee Wiskowski, Communications Infrastructure Development Corporation, and Telecom Capital Group, LLC and (2) a bill of costs filed by defendants Jack Pressman and Optimalpath Digital Network, Incorporated. For the reasons set forth below, the court: (1) grants in part and denies in part the bill of costs filed by defendants Lee Wiskowski, Communications Infrastructure Development Corporation, and Telecom Capital Group, LLC and (2) grants in part and denies



in part the bill of costs filed by defendants Jack Pressman and Optimalpath Digital Network, Incorporated.

## I. DISCUSSION

### A. Background

Rule 54(d) of the Federal Rules of Civil Procedure sets forth the general rule that costs other than attorneys' fees "shall be allowed as of course to the prevailing party," except as otherwise provided by statute or in the rules. *Payne v. Milwaukee County*, 288 F.3d 1021, 1027 (7th Cir. 2002) (quoting FED. R. CIV. P. 54(d)). The proper measure of those costs is set forth in 28 U.S.C. § 1920 ("§ 1920"). *Tidemann v. Nadler Golf Car Sales, Inc.*, 244 F.3d 719, 726 (7th Cir. 2000). The costs explicitly allowed by § 1920 are: (1) the fees of the clerk and marshal; (2) fees for court reporters and transcripts; (3) fees for printing and witnesses; (4) fees for copies of papers necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court-appointed experts and interpreters. § 1920. There is a heavy presumption in favor of awarding costs to the prevailing party. *Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000). Taxing costs against a losing party requires two inquiries: (1) whether the cost imposed upon the losing party is recoverable, and (2) if so, whether the amount assessed for that item was reasonable. *Id.*

Two groups of defendants have filed bills of costs with the court. One was filed by defendants Lee Wiskowski ("Wiskowski"), Communications Infrastructure Development Corporation ("CIDC"), and Telecom Capital Group, LLC ("TCG") (collectively, the "TCG

Defendants").[1] The second was filed by defendants Jack Pressman ("Pressman") and Optimalpath Digital Network, Incorporated ("Optimalpath") (collectively, the "Pressman Defendants"). Plaintiffs Ronald Tirapelli ("Tirapelli") and Michael Webb ("Webb") (collectively, "plaintiffs") have filed an objection to defendants bills of costs. Plaintiffs raise two arguments in their brief. First, they argue that the court should not allow defendants to recover costs. Second, plaintiffs argue that, if the court allows defendants to recover costs, it should reduce the amount that defendants have requested. First, the court will address the question of whether defendants are entitled to costs in this case. Second, the court will consider the amount of costs to which the TCG Defendants are entitled. Third, the court will review the amount of costs to which the Pressman Defendants are entitled.

### B. The Court Will Award Costs in this Case

Plaintiffs argue that the court should not award costs to defendants in this case because the court granted summary judgment only as to Count I of plaintiffs' complaint. According to plaintiffs' arguments, because the court's August 20 order granted summary judgment only as to one of plaintiffs' claims, defendants did not prevail in the case and, therefore, are not entitled to recover costs.

The Seventh Circuit has held that when a court grants a defendant summary judgment on the plaintiff's federal claims and dismisses the state law claims for lack of subject matter

---

[1] Defendant Lee Wiskowski is incorrectly identified in the complaint as "Witkowski," and defendant Telecom Capital Group, LLC is incorrectly identified in the complaint as "Telecom Capital Group, Inc." The court will refer to these two defendants using defendants' versions of their names.

jurisdiction, the defendant is a prevailing party and, therefore, entitled to costs. *Ogborn v. United Food & Comm'l Workers*, --- F.3d ---, 2002 WL 3113375, at *5 (7th Cir. 2002). Therefore, the court will award defendants costs in this case. The court must now determine whether the amount of costs sought by defendants is reasonable.

### C. Costs Claimed by the TCG Defendants

In their bill of costs, the TCG Defendants seek recovery of the following: (1) $2,492.35 in deposition transcript costs; (2) $2,903.75 in photocopying costs; and (3) $20.00 in docket fees. Plaintiffs raise two arguments that challenge this bill of costs. First, they claim that the costs claimed by defendants for producing deposition transcripts are excessive. Second, they argue that the costs requested for photocopying are unreasonable. The court will address each of plaintiffs' arguments in turn.

#### 1. Transcript costs

Plaintiffs challenge the per page rates that the TCG Defendants have charged for the original and copies of depositions in this case. The court will first review the rates that the TCG Defendants have charged for original deposition transcripts. Second, the court will review the TCG Defendants' rates for copies of deposition transcripts.

First, according to Local Rule 54.1(b), "the costs of the transcript or deposition shall not exceed the regular copy rate as established by the Judicial Conference of the United States and in effect at the time the transcript or deposition was filed unless some other rate was previously provided for by order of court." LOC. R. 54.1(b). The Judicial Conference rate allowed for original deposition transcripts is $3.00 per page. VI. JUDICIAL CONFERENCE OF THE UNITED

4

STATES GUIDE TO JUDICIARY POLICIES AND PROCEDURES, COURT REPORTERS MANUAL, ch. 20, pt. 20.3 (1998) ("COURT REPORTERS MANUAL"). This fee covers all costs of transcript production. *Id.* at pt. 20.8. *See also Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 456 (7th Cir. 1998) (summarizing the Judicial Conference rates applicable to various types of transcripts).

The TCG Defendants seek deposition costs of $3.15 per page for a transcript of Webb's deposition, and $2.85 per page for a transcript of Tirapelli's deposition.[2] Because the rate for the deposition of Webb exceeds the Judicial Conference rate, the court will reduce costs for that deposition by $0.15 per page to $3.00 per page. Consequently, the court finds that the TCG Defendants are entitled to $444.00 in costs for the 148-page Webb deposition – a reduction of $22.20. Therefore, the TCG Defendants' bill of costs is reduced by $22.20. Because the rate billed for the Tirapelli deposition is within the Judicial Conference rates, the court will not reduce the $652.65 that the TCG Defendants have requested for that deposition.

Second, the court turns to the TCG Defendants' costs for copies of transcripts of the Pressman, Ronald Stuppy ("Stuppy") and Wiskowski depositions. The Judicial Conference rate allowed for a copy of a deposition transcript is $0.75 per page. *Cengr*, 135 F.3d at 456 (citing COURT REPORTERS MANUAL, ch. 20). The rates indicated on the bills provided by the TCG Defendants in Appendix B of their memorandum exceed the rate set forth by the Judicial Conference. The TCG Defendants argue that they are entitled to recover costs of these

---

[2]Plaintiffs argue that the TCG Defendants have billed transcription rates for the Webb and Tirapelli deposition transcripts of $4.32 and $3.91, respectively. The court is unclear how the plaintiff arrived at these figures. The court has used the per page rate billed to defendants by the court reporting service.

5

deposition copies at the higher rates because plaintiffs selected the court reporter who charged these higher rates. The court is not persuaded by this argument and will reduce the TCG Defendants' costs for copies of the deposition transcripts of Pressman, Stuppy, and Wiskowski in accordance with the Judicial Conference rates. Therefore, the TCG Defendants are entitled to $101.25 – not $290.25 – for their 135-page copy of Pressman's deposition transcript, $94.50 – not $270.90 – for their 126-page copy of Stuppy's deposition transcript, and $134.25 – not $384.85 – for their 179-page copy of Wiskowski's deposition transcript. Consequently, the court will reduce the TCG Defendants' costs for these transcript copies by $616.00.

Additionally, the TCG Defendants seek to recover $35.00 in delivery and handling charges for obtaining all of these transcripts. However, under the Judicial Conference guidelines, delivery costs are considered ordinary business expenses that may not be charged in relation to obtaining transcripts. *Rogers v. City of Chicago*, No. 00 C 2227, 2002 WL 423723, at *4 (N.D. Ill. Mar. 15, 2002) (citing COURT REPORTERS MANUAL ch. 20. pt. 20.9.4). Therefore, the court reduces the TCG Defendants' bill of costs by an additional $35.00.

In conclusion, the court reduces the TCG Defendants costs for court reporter and transcription fees by $673.20. The TCG Defendants are entitled to $1,819.15 in costs for court reporters and transcription.

2. **Photocopying costs**

In their bill of costs, the TCG Defendants seek to recover $2,903.75 of photocopying costs. The TCG Defendants base this amount upon a rate of $0.20 per page and claim that they photocopied 14,518 pages.

6

First, the court will address the TCG Defendants' photocopy rate of $0.20 per page, which plaintiffs argue is unreasonably high. Charges for in-house reproduction may not exceed the charges of an outside print shop. *Antonson v. United Armored Servs., Inc.*, No. 00 C 4095, 2002 WL 908424, at *2 (N.D. Ill. May 6, 2002) (citing *Martin v. United States*, 931 F.2d 453, 455 (7th Cir. 1991)). Local print shops charge $0.09 and $0.10 per page for standard photocopying. *See, e.g., Antonson*, 2002 WL 908424, at *2 (finding that $0.10 per page is a reasonable charge for in-house copying). Per page charges exceeding those of outside print shops for standard copying are allowed only when a party presents the court with an explanation as to why such charges are appropriate. *Rogers*, 2002 WL 423723, at *4 (citing *Manley v. City of Chicago*, 236 F.3d 392, 398 (7th Cir. 2001)). In this case, the TCG Defendants explain that the costs of copying bound and clipped documents require additional labor by their law firm's staff, thus justifying the rate of $0.20 per page. However, the court is unpersuaded by this argument and will apply the usual rate of $0.10 per page. *Antonson*, 2002 WL 908424, at *2.

Second, the court will review the reasonableness of the 14,518 pages that the TCG Defendants copied in this case. Plaintiffs argue that the TCG Defendants have failed to justify copying that number of pages. The TCG Defendants are entitled to recover the costs for making necessary copies of necessary documents. *Rogers*, 2002 WL 423723, at *4. Copying documents for production in discovery is necessary and recoverable. *Antonson*, 2002 WL 908424, at *2. For documents filed with the court, only copies for the court and one copy for opposing counsel are necessary. *Id.* The cost of additional copies made for the convenience of counsel is not recoverable. *Id.* (citing *Haroco, Inc. v. Am. Nat'l Bank & Trust Co.*, 38 F.3d 1429, 1441 (7th

7

Cir. 1994)). Copying costs for original documents are not taxable. *Id.* The burden is on the party seeking reimbursement for photocopying costs to show that the photocopied items were necessary; if that party fails to meet the burden, the court should not award costs for those items. *Chemetall GmbH v. ZR Energy, Inc.*, No. 99 C 4334, 2001 WL 1104604, at *33 (N.D. Ill. Sept. 18, 2001) (citing cases).

In this case, the TCG Defendants explain that they needed to submit two copies of each of the five deposition transcripts to the court, as exhibits to their motion for summary judgment. These deposition copies consist of 1,634 pages. Because copies made for the court are taxable as costs, the court allows the TCG Defendants to recover costs for these copies at the rate of $0.10 per page. Therefore, the court finds that the TCG Defendants are entitled to $163.40 in photocopying costs.

As for the remaining 12,884 pages of copies for which the TCG Defendants seeks to recover costs, the court finds that the TCG Defendants have failed to establish that those copies were necessary. The TCG Defendants explain in general terms that they were required to make a large number of copies in this case, due to the joint motion for summary judgment and the need to work with three other sets of parties. However, the TCG Defendants' explanation does not indicate which particular documents were copied or for whose use those copies were made. Therefore, the court disallows the remainder of defendants' photocopying costs.

Accordingly, the court finds that the TCG Defendants are entitled to $163.40 in photocopying costs. Consequently, the court reduces the TCG Defendants' bill of costs by

$2,740.35. In sum, the TCG Defendants' bill of costs is reduced by $3,413.55. Therefore, the court finds that the TCG Defendants are entitled to $2,002.55 in costs.

### D. Costs Claimed by the Pressman Defendants

The bill of costs filed by the Pressman Defendants seeks to recover $1,255.90 in court reporter and deposition costs. This amount includes costs of copies of the depositions of Tirapelli, Wiskowski, and Pressman, as well as delivery charges. Plaintiffs argue that the Pressman Defendants are entitled only to $0.75 per page for copies of deposition transcripts.

As already explained, *supra* Sect. I.C.1., the Judicial Conference rate for deposition transcript copies is $0.75 per page. Therefore, the Pressman Defendants are entitled to recover $171.75 in costs for their copy of the 229-page Tirapelli deposition, $101.25 in costs for their copy of the 135-page Pressman deposition, and $134.25 in costs for their copy of the 179-page Wiskowski deposition. Therefore, the court reduces the Pressman Defendants' bill of costs by $748.75.

Additionally, the Pressman Defendants seek to recover $20.50 in delivery charges for their copies of the Tirapelli, Wiskowski, and Pressman depositions. However, as the court has already noted *supra* Sect. I.C.1., under the Judicial Conference guidelines, postage and delivery costs are considered ordinary business expenses that may not be charged in relation to obtaining transcripts. *Rogers*, 2992 WL 423723, at *4 (N.D. Ill. Mar. 15, 2002) (citing COURT REPORTERS MANUAL ch. 20, pt. 20.9.4). Therefore, the court reduces the Pressman Defendants' bill of costs by an additional $20.50.

In conclusion, the court reduces the TCG Defendants' bill of costs by $748.75 for the deposition transcript copies and $20.50 for the delivery costs of those depositions. In total, therefore, the court reduces the TCG Defendants' bill of costs by $769.25 and concludes that the TCG Defendants are entitled to $486.65 in costs.

## II. CONCLUSION

For the foregoing reasons, the court: (1) grants in part and denies in part the bill of costs filed by defendants Lee Wiskowski, Communications Infrastructure Development Corporation, and Telecom Capital Group, LLC and (2) grants in part and denies in part the bill of costs filed by defendants Jack Pressman and Optimalpath Digital Network, Incorporated. The clerk is directed to tax costs as follows: (1) in the amount of $2,002.55 in favor of defendants Lee Wiskowski, Communications Infrastructure Development Corporation, and Telecom Capital Group, LLC and (2) in the amount of $486.65 in favor of defendants Jack Pressman and Optimalpath Digital Network.

Date: __OCT 3 1 2002__

_____
James H. Alesia
United States District Judge